**SHIRER, Marshal, Olmsted Falls, In re.**

Common Pleas Court, Cuyahoga County.

No. 710583. Decided January 13, 1959.

Baskin, Kelley, Lausche & Heavilin, Cleveland, Ronald A. Baskin, of Counsel, for J. Donald Shirer, Chief of Police of the Village of Olmsted Falls, Ohio.

Husband & Billings, Cleveland, for Village of Olmsted Falls, Ohio.

## OPINION

By DANACEAU, J.

This cause comes before this court on an appeal from the decision of the Council of the Village of Olmsted Falls, Ohio, removing J. Donald Shirer, Marshal or Chief of Police following a hearing on written charges preferred by the Mayor. The written charges filed by the Mayor are as follows:

"The undersigned, Charles L. Blickle, Mayor of the Village of Olmsted Falls, has reason to believe that J. Donald Shirer, Marshal or Chief of Police of the Village of Olmsted Falls, has been guilty in the performance of his official duties of misfeasance, malfeasance, nonfeasance and misconduct in office in the following particulars:

"No. 1. J. Donald Shirer, as such Marshal or Chief of Police, prepared a Police Intoxication Report with respect to Case No. 3473, Defendant, George Matthei, charged with driving while intoxicated, containing the statements, among others, that Dr. Isotta was the inquiring officer; that a blood test had been given by Berea Hospital; that the results of that test was a reading of .36 per cent alcohol; that the substance and meaning of such report was that the charged defendant had been given an alcohol blood test at Berea Hospital resulting in a reading of .36 per cent of alcohol. Said report was prepared and was to be used by the police and the mayor in the prosecution of said defendant. Said report was false and untrue.

"No. 2. J. Donald Shirer, as such Marshal or Chief of Police, appeared at the trial of said defendant, George Matthei, on or about the 10th

day of February, 1958, and at said trial of said defendant read said false report referred to in particular No. 1 above and stated further, in substance, that there had been an alcohol test given which evidenced intoxication. Said report and said statements were false and untrue.

"No. 3. J. Donald Shirer, as such Marshal or Chief of Police, appeared at the trial of said defendant, George Matthei, referred to in particulars Nos. 1 and 2 above, and at said trial of said defendant stated further, in substance (in reply to the claim of defendant that he didn't know of any alcohol test having been taken) that blood was taken on the night of the accident and the alcohol test was run on the following morning. Said statements were false and untrue.

"No. 4. J. Donald Shirer, as such Marshal or Chief of Police, in reply to the request of the undersigned for a complete written report of the George Matthei case referred to in particulars Nos. 1 to 3, inclusive, has failed to report with respect to said alcohol test and his statements; further, said officer has refused and continues to refuse to account for his actions as hereinbefore set forth."

To these charges the appellant submitted to the council of the Village of Olmsted Falls his written answer as follows:

"Now comes J. Donald Shirer and answering the charges made and filed against him by the Mayor of the Village of Olmsted Falls, Ohio, denies that he, as Marshal or Chief of Police of the Village of Olmsted Falls, has been guilty, in the performance of his official duties, of misfeasance, malfeasance, nonfeasance and misconduct in office in the particulars specified and set forth in said charges.

"Further answering said charges, the said J. Donald Shirer says that at no time did he knowingly, intentionally, or maliciously make a false report in the particulars specified in said charges or otherwise, with respect to Case No. 3473 of the Mayor's Court, wherein one George Matthei was charged with driving an automobile while intoxicated, nor did he knowingly, intentionally, or maliciously give a false report and testimony in the particulars specified in said charges at the trial of said George Matthei before the Mayor of the Village of Olmsted Falls.

"Further answering said charges, the said J. Donald Shirer also denies that he at any time has refused to make a full report to the Mayor concerning the aforesaid case of Geroge Matthei and as to the matters specified in said charges.

"Further answering said charges, the said J. Donald Shirer denies each and every allegation set forth in said charges not herein specifically admitted to be true.

"Wherefore, the said J. Donald Shirer requests that the aforesaid charges be dismissed.

"J. Donald Shirer.

"State of Ohio                    )  SS:
"County of Cuyahoga         )

"J. Donald Shirer, being first duly sworn, deposes and says that the statements and denials contained in the foregoing answer are true as he verily believes.

"J. Donald Shirer,

"Sworn to before me and subscribed in my presence this 25th day of April, 1958.

"Roland A. Baskin, Notary Public."

Appellant contends that the Council had no authority to conduct a hearing on the charges preferred by the Mayor and that such proceedings should have been had in the Probate Court under the provisions of §733.72 R. C. An examination of this statute will disclose that it pertains to complaints filed by electors of the municipal corporation and has no application to the case at bar. In the instant case the charges were preferred by the Mayor as directed by §733.35 R. C., and heard by the Legislative authorities in accordance with the provisions of §733.36 R. C.

It is to be further noted that §737.15 R. C., provides that in case of the removal of a Marshal or Chief of Police of a village an appeal may be had from the **decision of the legislative authority** to the Court of Common Pleas to determine the sufficiency of the cause of the removal. Secs. 733.35, 733.36 and 737.15 R. C., specially provide for the proceedings had in this case. In the opinion, Per Stewart, J., in **Johnson v. Enterprises, 166 Oh St 149,** at **p. 153,** it is said:

"It has many times been held by this court that a special statutory provision which applies to specific subject matter constitutes an exception to a general statutory provision covering other subject matter as well as the specific subject matter."

The predecessor sections in the General Code were in substance the same and recognition was given to the procedure followed herein by the Court of Appeals in **State, ex rel. Patrick, v. Baldine et al, 91 Oh Ap 284,** in which Syllabus 2 reads:

"A member of a village police department who has been summarily suspended from his employment for disciplinary purposes, without the filing of charges, may resort to an action in mandamus to compel the filing of charges by the mayor and the hearing thereof by the village council."

It seems clear that when charges against a village Marshal or Chief of Police are preferred by the Mayor the hearing is to be conducted by the village council and not the Probate Court.

In proceeding to consider the other errors complained of, we must first ascertain the function of this court.

Sec. 737.15 R. C., provides that in case of the removal of a Marshal or Chief of Police of a village, an appeal may be had from the decision of the legislative authority to the Court of Common Pleas to determine the sufficiency of the cause of removal. Such language has been construed by the Supreme Court in **Sorge v. Sutton, 159 Oh St 574,** to empower this court to examine the record of the proceedings before the council and determine therefrom the regularity and legality of those proceedings, and the sufficiency of the cause of removal as disclosed by the record.

In the hearing had by the council at the time designated the appellant was denied the right to present witnesses in his behalf and was limited to his own testimony. It was not until the second session

was held and the late hour of 10:30 P. M., had been reached that the council for the first time informed the appellant that he could call additional witnesses. Counsel for the appellant vigorously protested the rulings made by the council during the first session and again protested the unfairness of said council in denying the appellant the right to call witnesses until the late hour of 10:30 P. M., during the night of the second session.

The removal from public office of a Chief of Police who has served his community for some seventeen years is not a matter of light consequence to be effected by arbitrary action or by proceedings lacking in due process of law. While it is true that councils are not expected to be held to the same strict conformity to regular rules in the introduction and presentation of evidence as are judicial bodies, they, nevertheless, must not disregard fundamental rules having to do with the observance of the safeguards provided every person by our basic charters. **Smith v. Mayfield Heights, 99 Oh Ap 501, 504.**

The council was clearly in error in depriving the appellant of the right to call witnesses in his behalf during the first session and in withholding that right until the late hour of 10:30 P. M., of the second session. The right to present his evidence in the order in which he chooses and to present his witnesses before he testifies is of considerable importance.

The proceedings were in this respect unfair and irregular and due process of law has not been observed.

Appellant further contends that there was neither charge nor proof that he knowingly, intentionally, or maliciously committed the acts complained of.

The nub of the charges is a report submitted by the appellant that one George Matthei, charged with driving while intoxicated, had been given a test at Berea Hospital the result of which showed .36 per cent alcohol.

The records of the hospital brought to the hearing do not disclose that such a test was made nor do they disclose an alcohol reading of .36 per cent. This is also denied by the witnesses from the hospital and particularly by Dr. Magpoc, who states that he did not give Chief Shirer such information. The Chief of Police, on the other hand, insists that he did receive such information at the hospital and believed the report to be true.

With respect to the charge that the Chief of Police has refused and continues to refuse to account for his action and has failed to report to the Mayor, the evidence is clear that he did give a written report which substantially complied with the Mayor's request.

The evidence in the record discloses beyond question that George Matthei had been drinking and while there is controversy as to his degree or state of intoxication there was substantial evidence to support a belief on the part of the Chief of Police that Mr. Matthei was drunk at the time of the accident.

The Village Council could fairly conclude from the evidence that no alcohol test of Mr. Matthei was taken at the hospital and that there was no reading of .36% of alcohol. Although the Chief of Police stead-

fastly asserts that he did receive such information at the hospital, he may be mistaken and his report or statements to that effect may be incorrect. It does not follow, however, that he had knowledge of such falsity or that he knowingly, intentionally, or maliciously made an incorrect or false report or statement. Knowledge of falsity was not charged. The village council was necessarily limited to a hearing of the charges preferred by the Mayor and the appellant was not required to meet any other charges.

It is the finding of this Court that the evidence before the Village Council was not sufficient to prove the officer guilty of misfeasance, nonfeasance or malfeasance in the performance of his official duties or of misconduct in office; that the charges against J. Donald Shirer, the Chief of Police, should have been dismissed; that the proceedings before the Council were irregular and lacking in due process of law; and that there is insufficient cause for the removal of the said J. Donald Shirer as Chief of Police of the Village of Olmsted Falls.

The decision of the Council of the Village of Olmsted Falls, Ohio, removing J. Donald Shirer, as Chief of Police of said Village is reversed and the said J. Donald Shirer is ordered restored to his position as Marshal or Chief of Police of said Village. O. S. J.